**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

C. F. TRUST, INCORPORATED;
ATLANTIC FUNDING CORPORATION,
                    *Plaintiffs-Appellees,*

                    v.

FIRST FLIGHT LIMITED PARTNERSHIP,
                    *Defendant-Appellant,*

                    and

BIRCHWOOD ORGANIZATION,
INCORPORATED; BIRCHWOOD HOLDINGS
GROUP, INCORPORATED; MARYLAND
AIR INDUSTRIES, INCORPORATED; PVD
LIMITED PARTNERSHIP; OCCOQUAN
LIMITED PARTNERSHIP; CARNETT
COMMERCIAL INVESTORS,
INCORPORATED; BARRIE M. PETERSON;
BARRIE M. PETERSON, Trustee;
NANCY A. PETERSON; SCOTT
PETERSON; DOE ENTITIES 1-10,
                    *Defendants.*

No. 01-1753

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-99-1742-A)

Argued: June 4, 2002

Decided: July 29, 2003

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by published opinion. Judge Motz wrote the opinion, in which Judge Widener and Judge Williams joined.

---

**COUNSEL**

**ARGUED:** Russell James Gaspar, COHEN MOHR, L.L.P., Washington, D.C., for Appellant. Harvey Alan Levin, BIRCH, HORTON, BITTNER & CHEROT, Washington, D.C., for Appellees. **ON BRIEF:** Barbara A. Miller, BIRCH, HORTON, BITTNER & CHEROT, Washington, D.C.; James R. Schroll, BEAN, KINNEY & KORMAN, P.C., Arlington, Virginia, for Appellees.

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

In this diversity action, First Flight Limited Partnership appealed from the district court's order declaring First Flight the alter ego of Barrie Peterson and thereby making First Flight's assets subject to judgments entered against Peterson. We previously held that the district court had properly exercised jurisdiction over the post-judgment alter ego claims of C. F. Trust, Incorporated and Atlantic Funding Corporation and that those claims constituted an existing liability sufficient to support a veil piercing claim under Virginia law. *See C. F. Trust, Inc. v. First Flight Ltd. Partnership*, 306 F.3d 126, 133-34 (4th Cir. 2002).

However, we found it "uncertain" whether Virginia law would permit outsider reverse veil piercing against a limited partnership and, if so, what standards would have to be met before Virginia would permit such a claim. *Id.* at 141. Accordingly, after outlining the involved facts of this case and the legal issues they presented, we certified to the Supreme Court of Virginia, pursuant to Rule 5:42 of the Rules of the Supreme Court of Virginia, the following two questions:

> 1) Would Virginia recognize a claim for outsider reverse veil-piercing under the facts of this case?

2)   If the answer to (1) is yes, what standards must be met before Virginia would allow reverse veil-piercing of the limited partnership?

*Id.* (citing Va. Sup. Ct. R. 5:42(a)).

The Supreme Court of Virginia accepted our certification request and answered both questions. *See C. F. Trust, Inc. v. First Flight Limited Parthershp*, 580 S.E.2d 806 (Va. 2003). It answered the first certified question in the affirmative, holding "that Virginia does recognize the concept of outsider reverse piercing and that this concept can be applied to a Virginia limited partnership." *Id.* at 810.

With respect to the second question, the Supreme Court of Virginia explained: "[w]hen determining whether reverse piercing of a limited partnership is appropriate, a court must consider the same factors" that it "considers when determining whether traditional veil piercing should be permitted." *Id.* at 811. Thus, although "no single rule or criterion is dispositve, the litigant who seeks to disregard a limited partnership entity must show that the partnership sought to be pierced has been controlled or used by the debtor to evade a personal obligation, to perpetrate a fraud or a crime, to commit an injustice, or to gain an unfair advantage." *Id.* The court further explained that "[t]he piercing of a veil is justified when the unity of interest and ownership is such that the separate personalities of the corporation and/or limited partnership and the individual no longer exist, and adherence to that separateness would create an injustice." *Id.*

The Supreme Court of Virginia also explained that when "considering reverse veil piercing" a court "must weigh the impact of such action upon innocent investors," and "innocent secured and unsecured creditors," as well as "the availability of other remedies the creditor may pursue." *Id.* The court noted that in this case, however, "there are no innocent limited or general partners involved" and that "C.F. Trust and Atlantic Funding have exhausted all remedies available to them." *Id.* at 181 nn.2-3.

In sum, the court concluded that although "[i]n Virginia, unlike in some states, the standards for veil piercing are very stringent and piercing is an extraordinary measure" it "is permitted[ ] . . . in the

most egregious circumstances, *such as under the facts before this Court.*" *Id.* (emphasis added).

In view of these answers to the certified questions, we affirm the judgment of the district court.

*AFFIRMED*